UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| PETER FOGEL, Derivatively on Behalf of ZILLOW GROUP, INC., Plaintiff, v. LLOYD D. FRINK, RICHARD N. BARTON, JEREMY WACKSMAN, JEREMY HOFMANN, ERIK BLACHFORD, GREGORY B. MAFFEI, GORDON STEPHENSON, JAY C. HOAG, APRIL UNDERWOOD, AMY C. BOHUTINSKY, CLAIRE CORMIER THIELKE, and J. WILLIAM GURLEY, Defendants, -and- ZILLOW GROUP, INC., a Washington Corporation, Nominal Defendant. | Case No. 2:26-cv-02454-JNW<br>**STIPULATION CONSOLIDATING AND STAYING RELATED ACTIONS, APPOINTING CO-LEAD AND LIAISON COUNSEL FOR PLAINTIFFS AND ORDER**<br>**NOTE ON MOTION CALENDAR: August 26, 2026** |

[Caption continued on the following page.]



TOWNSEND LEGAL, PLLC
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110
Telephone: (206) 761-2480

| | |
|---|---|
| JAMES ROSS, Derivatively on Behalf of ZILLOW GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY WACKSMAN, RICHARD N. BARTON, ERIK BLACHFORD, AMY C. BOHUTINSKY, JUN CHOO, LLOYD D. FRINK, J. WILLIAM GURLEY, JAY C. HOAG, JEREMY HOFMANN, GREGORY B. MAFFEI, GORDON STEPHENSON, CLAIRE CORMIER THIELKE, and APRIL UNDERWOOD,<br><br>Defendants,<br><br>-and-<br><br>ZILLOW GROUP, INC., a Washington Corporation,<br><br>Nominal Defendant. | Case No. 2:26-cv-02485-RAJ |

Plaintiffs Peter Fogel and James Ross ("Plaintiffs"), nominal defendant Zillow Group, Inc. ("Zillow" or the "Company"), and defendants Lloyd D. Frink, Richard N. Barton, Jeremy Wacksman, Jeremy Hofmann, Erik Blachford, Gregory B. Maffei, Gordon Stephenson, Jay C. Hoag, April Underwood, Amy C. Bohutinsky, Claire Cormier Thielke, Jun Choo, and J. William Gurley (the "Individual Defendants," and, with Zillow, "Defendants"), by and through their undersigned counsel, stipulate as follows:

WHEREAS, Plaintiff Fogel filed his stockholder derivative action on behalf of Zillow and against the Individual Defendants on July 13, 2026 (the "*Fogel* Action") (26-cv-02454, Dkt. No. 1);

WHEREAS, Plaintiff Ross filed his stockholder derivative action on behalf of Zillow and against substantially the same Individual Defendants on July 14, 2026 (the "*Ross* Action") (26-cv-02485, Dkt. No. 1);

WHEREAS, Defendants, through their undersigned counsel, have agreed to waive service of the summons and complaint in the *Fogel* Action;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that when actions involve "a common question of law or fact," the court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay[;]"

WHEREAS, the *Fogel* and *Ross* Actions (together, the "Derivative Actions") arise out of the same factual circumstances, challenge similar alleged misconduct by certain current and former directors and executive officers, and involve common questions of law and fact;

WHEREAS, a factually related securities class action, captioned *Breidert v. Zillow Group, Inc., et al.*, No. 2:26-cv-02016-JLR (the "Securities Action"), is also pending in this Court;

WHEREAS, the parties agree that there is substantial overlap between the facts and circumstances alleged in the Derivative Actions and the Securities Action, and some of the Defendants in the Derivative Actions are also named as defendants in the Securities Action;

WHEREAS, the parties further agree that the proceedings in the Securities Action may inform the proceedings in the Derivative Actions;

WHEREAS, in an effort to avoid, to the extent possible, inconsistent rulings and unnecessary duplication of effort, as well as conserve the resources of the parties and the Court, the parties agree that the Derivative Actions should be consolidated for all purposes; and

WHEREAS, the parties further agree that, following consolidation of the Derivative Actions, the consolidated derivative action should be temporarily stayed on the terms set forth below;

**NOW, THEREFORE, IT IS THEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties and subject to Court approval, as follows:

**CONSOLIDATION**

1. The following actions are consolidated for all purposes, including pre-trial proceedings and trial (the "Consolidated Derivative Action"):

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Fogel v. Frink, et al.* | 2:26-cv-02454-JNW | July 13, 2026 |
| *Ross v. Wacksman, et al.* | 2:26-cv-02485-RAJ | July 14, 2026 |

2. All further pleadings and papers filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| IN RE ZILLOW GROUP, INC. DERIVATIVE LITIGATION | Lead Case No. 2:26-cv-02454-JNW (Consolidated with No. 2:26-cv-02485) |
| This Document Relates To: ALL ACTIONS | |

3. The files of the Consolidated Derivative Action shall be maintained in one file under Lead Case No. 2:26-cv-02454-JNW.

**CO-LEAD COUNSEL AND LIAISON COUNSEL**

4. As requested by Plaintiffs, Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action shall be:

**ROBBINS LLP**
STEPHEN J. ODDO
MICHAEL J. NICOUD
JACOB W. OGBOZO
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
soddo@robbinsllp.com
mnicoud@robbinsllp.com
jogbozo@robbinsllp.com

- and –

**LEVI & KORSINSKY, LLP**
GREGORY M. NESPOLE
DANIEL TEPPER
CORREY A. SUK
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
gnespole@zlk.com
dtepper@zlk.com
csuk@zlk.com

5. Defendants take no position on the counsel appointments set forth above.

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Plaintiffs' Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiff except through Plaintiffs' Co-Lead Counsel.

8. Liaison Counsel for Plaintiffs in the Consolidated Derivative Action shall be:

**TOWNSEND LEGAL, PLLC**
ROGER M. TOWNSEND
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110
Telephone: (206) 761-2480
Facsimile: (206) 455-9555
roger@townsendlegal.com
ann@townsendlegal.com

9. Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Plaintiffs' Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

10. Defendants' counsel may rely upon all agreements made with any of Plaintiffs' Co-Lead or Liaison Counsel, or other duly authorized representative of Plaintiffs' Co-Lead or Liaison Counsel, and such agreements will be binding on plaintiffs.

**TEMPORARY STAY OF CONSOLIDATED DERIVATIVE ACTION**

11. The Consolidated Derivative Action shall be stayed until thirty (30) days following the occurrence of any one of the following: (1) the dismissal of the Securities Action, with prejudice, and exhaustion of all appeals related thereto; (2) any of the Defendants files an answer to the operative complaint in the Securities Action; or (3) the public announcement of a settlement of the Securities Action. Any party may move the Court to lift the stay before it expires on its own terms, following fourteen (14) days' written notice to the other parties and upon a showing of good cause. Additionally, if a Related Derivative Action (as defined below) is not stayed for the same or longer duration than the stay of this Consolidated Derivative Action, Defendants shall promptly notify Plaintiffs of that fact, and Plaintiffs shall have the option to terminate the stay of this Consolidated Derivative Action by giving fourteen (14) days' notice to the undersigned counsel for Defendants via email.

12. During the pendency of the stay, Defendants shall notify Plaintiffs if a shareholder derivative action arising from the same or substantially similar facts as alleged in the Consolidated Derivative Action is filed (a "Related Derivative Action"). Defendants shall also notify Plaintiffs if a shareholder makes a demand for an inspection of books and records pursuant to RCW 23B.16.020 or

shareholder demands to the Zillow Board of Directors that it pursue litigation based on the same or substantially similar facts as alleged in the Consolidated Derivative Action, of which Defendants become aware. Defendants shall provide a copy of any such demand to Plaintiffs promptly after its receipt by the Company.

13. If the stay is terminated, within fourteen (14) days of the date that any termination of the stay takes effect, the parties shall meet and confer in good faith to determine whether a further extension of the stay is preferable or necessary and shall submit a proposed extension of the stay or proposed scheduling order governing further proceedings in the Consolidated Derivative Action.

14. During the pendency of the stay, Plaintiffs may file an amended complaint in the Consolidated Derivative Action, or designate an operative complaint, but Defendants shall be under no obligation to answer, move, or otherwise respond to either of the complaints in the Derivative Actions or any complaint filed in the Consolidated Derivative Action while the stay is in effect and until the date ordered by the Court after submission of the parties' proposed scheduling order, unless otherwise ordered by the Court.

15. During the pendency of the Stay, Defendants shall provide Plaintiffs with copies of any documents produced in discovery by Defendants, responses and objections to document requests or interrogatories by Defendants, or deposition transcripts of Defendants, whether in connection with litigation or settlement efforts, including in the context of mediation, in the Securities Action or any Related Derivative Action, or pursuant to any shareholder demand for an inspection of books and records of Zillow based on the same or substantially similar facts as alleged in the Consolidated Derivative Action or in the related FTC/AG Action,[1] subject to the parties entering into a reasonable confidentiality agreement and/or protective order.

16. During the pendency of the stay, and for six months thereafter, Defendants shall advise Plaintiffs of any mediation in the Securities Action or any Related Derivative Action and shall use best

---

[1] "FTC/AG Action" refers to *FTC v. Zillow Group, Inc.*, No. 1:25-cv-01638-AJT-WBP (E.D. Va.) (consolidated with *Commonwealth of Virginia, et al. v. Zillow Group, Inc., et al.*, No. 1:25-cv-01647-AJT-WBP (E.D. Va.)).

efforts to include Plaintiffs in any such mediation. In the event that the plaintiffs in the Securities Action or any Related Derivative Action object to joint mediation, or it is otherwise impractical to do so, Defendants agree to mediate with Plaintiffs with regard to the Consolidated Derivative Action, if requested by Plaintiffs, at or about the same time, or as soon as practical thereafter.

17. The stay shall not apply to any motions, stipulations, or any other related filing pertaining to consolidation of any Related Derivative Action and/or appointment of lead plaintiff(s) and lead and liaison counsel(s).

18. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any party may have with respect to the claims set forth in the complaint filed in this Consolidated Derivative Action.

**RELATED MATTERS**

19. Undersigned counsel for Defendants have agreed to waive service of process of the summons and complaints filed in the Derivative Actions for any unserved Defendants, and the parties agree that Defendants need not respond to any complaint filed in the Derivative Actions or the Consolidated Derivative Action until the date ordered by the Court in response to the parties' proposed scheduling order following termination of the stay described herein.

20. Counsel for Defendants will enter an appearance on behalf of Defendants.

21. The order approving this stipulation shall apply to each case arising out of the same or similar transactions and/or events as the Derivative Actions which are currently pending in, subsequently filed in, remanded to, or transferred to this Court.

22. When a case which properly belongs as part of *In re Zillow Group, Inc. Derivative Litigation*, Lead Case No. 2:26-cv-02454-JNW is hereafter or has been filed in, remanded to, or transferred to this Court, counsel for the parties shall call such filing, remand, or transfer to the attention of the clerk of this Court for purposes of moving the Court for an order consolidating such case(s) with *In re Zillow Group, Inc. Derivative Litigation*, Lead Case No. 2:26-cv-02454-JNW. Co-Lead Counsel for Plaintiffs will further assist in assuring that counsel for the parties in such subsequent action(s) receive notice of this Order.



TOWNSEND LEGAL, PLLC
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110
Telephone: (206) 761-2480

23. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), all parties consent to service by email of any document required to be served in the Consolidated Derivative Action.

24. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that a party may have with respect to the claims set forth in the Derivative Actions.

**IT IS SO STIPULATED.**

Dated: August 26, 2026

**TOWNSEND LEGAL, PLLC**

*/s/ Roger M. Townsend*
Roger M. Townsend, WSBA# 25525
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110
Telephone: (206) 761-2480
Facsimile: (206) 455-9555
roger@townsendlegal.com
ann@townsendlegal.com

*Attorneys for Plaintiffs Peter Fogel and James Ross and [Proposed] Liaison Counsel for Plaintiffs*

**ROBBINS LLP**
Stephen J. Oddo
Michael J. Nicoud
Jacob W. Ogbozo
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
soddo@robbinsllp.com
mnicoud@robbinsllp.com
jogbozo@robbinsllp.com

*Attorneys for Plaintiff Peter Fogel and [Proposed] Co-Lead Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Gregory M. Nespole
Daniel Tepper
Correy A. Suk
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
gnespole@zlk.com
dtepper@zlk.com
csuk@zlk.com

*Attorneys for Plaintiff James Ross and [Proposed]*

*Co-Lead Counsel for Plaintiffs*

Dated: August 26, 2026

**ASHURST PERKINS COIE LLP**

*/s/ Joseph E. Bringman*
Joseph E. Bringman, WSBA No. 15236
1301 Second Avenue, Suite 4200
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
joe.bringman@ashurstperkins.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Peter B. Morrison (*pro hac vice* forthcoming)
Virginia Milstead (*pro hac vice* forthcoming)
Winston Hsiao (*pro hac vice* forthcoming)

2000 Avenue of the Stars, Suite 200N
Los Angeles, CA 90067
Telephone: (213) 687-5000
winston.hsiao@skadden.com
peter.morrison@skadden.com
virginia.milstead@skadden.com

*Attorneys for Defendants Lloyd D. Frink, Richard N. Barton, Jeremy Wacksman, Jeremy Hofmann, Erik Blachford, Gregory B. Maffei, Gordon Stephenson¸ Jay C. Hoag, April Underwood, Amy C. Bohutinsky, Claire Cormier Thielke, Jun Choo, J. William Gurley, and nominal defendant Zillow Group, Inc.*

**ORDER**

IT IS SO ORDERED this 22nd day of September, 2026.

HON. JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE